## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST GUARANTY BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GREENBRIER HOTEL CORPORATION** ) | **Docket No.: _____** |
| ) | |
| **Defendant.** ) | |
| ) | |

## VERIFIED COMPLAINT SEEKING AMOUNTS DUE UNDER PROMISSORY NOTE

Plaintiff First Guaranty Bank ("FGB" or the "Plaintiff"), by undersigned counsel, files this *Verified Complaint* against Greenbrier Hotel Corporation ("Greenbrier" or the "Defendant"). In support of the Complaint, Plaintiff respectfully submits as follows:

### PARTIES

1.      Plaintiff FGB is a Louisiana state-chartered bank, with its principal office located at 400 East Thomas Street, Hammond, Louisiana 70401-3320.

2.      Defendant Greenbrier is a West Virginia corporation whose principal place of business is 101 Main Street W. White Sulphur Springs, WV 24986.

### JURISDICTION AND VENUE

3.      The United States District Court for the Middle District of Louisiana (the "Court") has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is civil in nature, diversity of citizenship exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

H:\Drell_B\First Guaranty Bank (Justice, James Conley, II, et al)(30-23-0042)\Pleadings\fgb.ghc.main street.complaint.bld-rs.final.docx

Page 1 of 7

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

### The Main Street Loan

5.      On or about December 22, 2020 (the "Loan Date"), the Defendant Greenbrier executed and delivered to the Plaintiff FGB that certain *Promissory Note* bearing Loan No. *****7794 under which Greenbrier agreed to repay Plaintiff the principal amount of $35,000,000.00 (the "Main Street Loan") together with interest thereon at an indexed variable rate and certain other amounts as provided therein.  A true and correct copy of the *Promissory Note* is attached hereto and incorporated herein by reference as **Exhibit 1**.  By a *Change in Terms Agreement* (the "*Change Agreement*")[1] executed and delivered between the Plaintiff FGB and the Defendant Greenbrier on June 22, 2023, the *Promissory Note* was amended to substitute the Secured Overnight Financing Rate ("SOFR") as the interest rate index on the Main Street Loan for the London Interbank Offered Rate ("LIBOR") previously utilized under the original terms of the *Promissory Note* (the *Promissory Note,* as amended by the *Change Agreement*, being hereinafter referred to as the "*Note*").

6.      The Main Street Loan was made by the Plaintiff FGB under the provisions of the Main Street Lending Program of the Federal Reserve authorized under the *Coronavirus Aid, Relief, and Economic Security Act* (the "*CARES Act*").  Pursuant thereto, MS Facilities 2020, LLC (formerly known as MS Facilities, LLC; hereinafter "MS"), a special purpose vehicle of the Federal Reserve Bank of Boston ("FRBB"),[2] acquired a 95% interest in the Main Street Loan and

---

[1] A copy of the *Change Agreement* is attached hereto and incorporated by reference herein as **Exhibit 2**.

[2] The preferred equity owner of MS is the United States Department of the Treasury.

H:\Drell_B\First Guaranty Bank (Justice, James Conley, II, et al)(30-23-0042)\Pleadings\fgb.ghc.main street.complaint.bld-rs.final.docx

Page 2 of 7

the *Note*.  Plaintiff serves as administrative agent with respect to the Main Street Loan on behalf of FRBB and MS, and on its own behalf for the remaining 5% interest in the *Note* retained by the Plaintiff.

7.    The Main Street Loan was made by the Plaintiff acting through its branch located in Denham Springs, Louisiana, and the *Note* was tendered by the Defendant to and accepted by the Plaintiff in Louisiana. To the extent federal law does not apply, Louisiana law applies.

## EVENTS OF DEFAULT UNDER THE *NOTE*

8.    Pursuant to the terms of the Main Street Loan and the *Note*, the Defendant Greenbrier was not obligated to make payments of either principal or accrued interest through the first anniversary of the Loan Date. However, the *Note* provides that on that first anniversary, all interest accrued through that date (*i.e.*, December 22, 2021) was to be capitalized and added for all purposes to the principal amount of the Loan.  Following that first anniversary date, the Defendant Greenbrier was obligated to make interest only payments on the Main Street Loan as the same accrued on the unpaid principal balance in monthly payments beginning January 22, 2022.

9.    In addition to the required payment of accrued interest as set forth in the immediately preceding paragraph, the *Note* required the Defendant Greenbrier to remit repayment of the principal of the Main Street Loan in three (3) installments as follows: (i) on December 22, 2023 in the amount of 15% of the outstanding principal balance of the loan (including any capitalized interest); (ii) on December 22, 2024 in the amount of 15% of the outstanding principal balance of the loan (including any capitalized interest); and (iii) on the maturity date of December 22, 2025, the final payment was required to be paid in an amount equal to the remainder of the outstanding principal balance of the loan due together with all remaining unpaid accrued interest, charges and fees.

H:\Drell_B\First Guaranty Bank (Justice, James Conley, II, et al)(30-23-0042)\Pleadings\fgb.ghc.main street.complaint.bld-rs.final.docx

Page 3 of 7

10.     The Main Street Loan became delinquent on December 22, 2023 when the first installment payment of 15% of the outstanding principal balance of the loan (including all capitalized interest) was not paid to Plaintiff.

11.     Notwithstanding the terms and conditions of the *Note*, the Defendant Greenbrier has failed and refused to render payment of the said first installment of principal due on the *Note* as aforesaid as well as continuing regular monthly installments of accruing interest thereon.  The Defendant Greenbrier therefore is in default of its obligations under the *Note*.  With the filing of this *Complaint*, the Plaintiff FGB has exercised its rights granted under the *Note* to: (i) declare formal default by the Defendant with regard to the Main Street Loan; (ii) accelerate the maturity of the entire unpaid remaining balance of the Main Street Loan; and (iii) prospectively to increase the interest rate accruing on the unpaid remaining principal balance of the Main Street Loan, effective as of July 15, 2024, to 21.00% *per annum*.

12.     The *Note* allows Plaintiff to recover costs, expenses, fees and charges, including attorneys' fees, incurred in connection with the enforcement of the obligations of the Defendant Greenbrier thereunder.

13.     Plaintiff specifically reserves all of its rights against the Defendant and all other persons for any and all other causes of action not alleged herein and any and all other assets or security of any kind or type, together with all rights against all other collateral, property, endorsers, guarantors, sureties, or others.  Plaintiff prays that judgment be rendered specifically reserving its rights against Defendants and all other parties for any and all other causes of action not alleged herein including, without limitation, all rights against all endorsers, guarantors, indemnitors, sureties, or others, and also reserving all rights in any and all other assets, collateral, property or security of any kind or type.

H:\Drell_B\First Guaranty Bank (Justice, James Conley, II, et al)(30-23-0042)\Pleadings\fgb.ghc.main street.complaint.bld-rs.final.docx

Page 4 of 7

14.     Plaintiff has engaged the undersigned Gold, Weems, Bruser, Sues & Rundell, APLC, and Schlossberg | Mastro to enforce its rights with respect to the Main Street Loan and to institute these proceedings to collect amounts due under the *Note*.  Pursuant to the terms and conditions of the *Note*, Plaintiff is entitled to recover from Defendant its reasonable attorneys' fees, court costs, and other expenses that are incurred in connection with the enforcement of the *Note* and with these proceedings in an amount not to exceed 25% of the unpaid principal balance of the Main Street Loan.

15.     As of July 15, 2024, there remains due and payable on the Main Street Loan the following sums: (i) principal of $35,360,403.41; (ii) accrued interest of $1,214,506.31; (iii) accrued late charges of $4,250.00; and (iv) accrued expenses of $7,252.50 – or an aggregate total of $36,586,412.22.  Interest continues to accrue thereon at the default rate of 21.00% *per annum*, or $20,626.90 *per diem*.

## PRAYER

Wherefore, Plaintiff First Guaranty Bank respectfully requests:

A. After due proceedings, a judgment is rendered in Plaintiff's favor and against the Defendant Greenbrier Hotel Corporation for the following sums: (i) principal of $35,360,403.41; (ii) accrued interest of $1,214,506.31; (iii) accrued late charges of $4,250.00; and (iv) accrued expenses of $7,252.50 – or an aggregate total of $36,586,412.22.

> ***plus*, as to the sum**: (i) additional interest continuing to accrue on the aforesaid principal sum at the rate of 21.00% *per annum*, or $20,626.90 *per diem* based on a year of 360 days until the *Note* is paid in full; (ii) reasonable attorneys' fees, along with all costs, charges, and expenses allowed by the *Note* that have accrued and that will continue to accrue as a result of the Defendant's defaults until all obligations owed to Plaintiff are paid in full; and (iii) all costs of collection;

H:\Drell_B\First Guaranty Bank (Justice, James Conley, II, et al)(30-23-0042)\Pleadings\fgb.ghc.main street.complaint.bld-rs.final.docx

Page 5 of 7

B.  After due proceedings, a judgment is rendered in favor of Plaintiff and against Defendant, recognizing Plaintiff as the holder and owner (on its own behalf and on behalf of MS Facilities 2020, LLC) of the *Promissory Note*, as amended; and

C.  After due proceedings, a judgment is rendered in favor of Plaintiff and against Defendant granting Plaintiff such other and further relief as is just and equitable.

Alexandria, Louisiana, this 16th day of July, 2024.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:     **/s/ Bradley L. Drell**
        Bradley L. Drell (Bar Roll #24387)
        Heather M. Mathews (Bar Roll #29967)
        P. O. Box 6118
        Alexandria, LA   71307-6118
        Phone: (318) 445-6471
        Fax: (318) 445-6476
        bdrell@goldweems.com
        hmathews@goldweems.com

        *Attorneys for Plaintiff First Guaranty Bank*

**SCHLOSSBERG | MASTRO**

By:     **/s/ Roger Schlossberg**
        Roger Schlossberg
        P.O. Box 2067
        Hagerstown, MD 21742-2067
        Email:  rschlossberg@schlosslaw.com
        Telephone: (301) 739-8610

        *Attorneys for Plaintiff First Guaranty Bank*
        (*Application pending for Pro Hac Vice Admission*)

H:\Drell_B\First Guaranty Bank (Justice, James Conley, II, et al)(30-23-0042)\Pleadings\fgb.ghc.main street.complaint.bld-rs.final.docx

Page 6 of 7

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FIRST GUARANTY BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GREENBRIER HOTEL CORPORATION** | ) | **Docket No.: _____** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>VERIFICATION</u>**

I, Michael R. Mineer, hereby declare under penalty of perjury under the laws of the United

States of America, and specifically pursuant to 28 U.S.C. § 1332:

1. I am the President/Chief Executive Officer of First Guaranty Bank, the Plaintiff in the captioned case.

2. I have personal knowledge regarding the loans extended by First Guaranty Bank to Greenbrier Hotel Corporation (the "Promissory Note") that is the subject of the captioned case.

3. I have read the Complaint and all of the exhibits thereto, and the allegations contained in the Complaint are true and correct to my best information, knowledge, and belief.

I certify under penalty of perjury that the foregoing is true and correct based upon my

knowledge, information, and belief as set forth herein.

Dated: July 15, 2024          **/s/Michael R. Mineer**
                              Michael R. Mineer